UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID BIALO,

    Plaintiff,                                  No. 20-10671

v.                                           Honorable Nancy G. Edmunds

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [15]**

This case was filed on March 12, 2020 and assigned to the Honorable Bernard A. Friedman. (Dkt. 1.) On May 5, 2020, Defendant filed a motion for reassignment, requesting reassignment of this case to the Honorable Nancy G. Edmunds because it is a companion case to a previous case filed by Plaintiff, which had been handled by Judge Edmunds. (Dkt. 9.) On that same day, the Court entered an order signed by both Judge Friedman and Judge Edmunds reassigning the case to Judge Edmunds pursuant to Eastern District of Michigan Local Rule 83.11, because it appears to be a companion case to Case No. 17-12384 ("the earlier case").[1] (Dkt. 10.)

The matter is now before the Court on "Plaintiff's Response to Defendant's Motion for Reassignment," which the Court construes as a motion for reconsideration of the reassignment order. (Dkt. 15.) Plaintiff is confused as to how Defendant had notice

---

[1] The Magistrate Judge originally assigned to this case was Magistrate Judge Elizabeth A. Stafford, but as part of the reassignment, the case was reassigned to Magistrate Judge Anthony P. Patti, who had also been assigned to the earlier case.

1

of this lawsuit prior to being served with the summons and complaint and asserts that Defendant's motion for reassignment was improper. He complains that he was not afforded time to respond to the motion. Plaintiff further argues that the case did not need to be reassigned despite being a companion case and provides several examples of companion cases Plaintiff's counsel has handled where the later case was not reassigned to the Judge having the earlier case number. Plaintiff requests that the case be returned to Judge Friedman.

>Eastern District of Michigan Local Rule 83.11(b)(7) states as follows:
>
>(A)   Companion cases are cases in which it appears that:
>    (i)   substantially similar evidence will be offered at trial, or
>    (ii)  the same or related parties are present and the cases arise out of the same transaction or occurrence, or
>    (iii) they are Social Security cases filed by the same claimant.
>(B)   Cases may be companion cases even though one of them has been terminated.
>(C)   Counsel or a party without counsel must bring companion cases to the court's attention by responding to the questions on the civil case cover sheet or in the electronic filing system.
>(D)   When it becomes apparent to the Judge to whom a case is assigned and to a Judge having an earlier case number that two cases are companion cases, upon consent of the Judge having the earlier case number, the Judge shall sign an order reassigning the case to the Judge having the earlier case number.

Reassignment decisions made pursuant to this rule "lie within the collective discretion of the Judge to whom the case is assigned and the Judge having the earlier case number." *Darwich v. City of Dearborn*, No. 13-10254, 2013 U.S. Dist. LEXIS 130870, at *1 (E.D. Mich. Sept. 13, 2013) (citing *Jones v. City of Allen Park*, 167 F. App'x 398, 409 (6th Cir. 2006)).

Here, because this case and the earlier case are Social Security cases filed by the same claimant, they are companion cases under Local Rule 83.11(b)(7)(A)(iii) and

2

the reassignment was proper.  While Plaintiff complains that he was not given time to respond to Defendant's motion for reassignment, it was actually his counsel's responsibility to bring this case's companion case status to the Court's attention.  *See* E.D. Mich. L.R. 83.11(b)(7)(C).  Plaintiff's counsel's failure to inform the Court of the other companion cases she has handled despite her obligation to do so and the fact that Defendant did not bring a motion for reassignment in those cases have no bearing on the appropriateness of the reassignment here.  For these reasons, Plaintiff's motion for reconsideration of the reassignment order is DENIED.

      SO ORDERED.

                                  s/Nancy G. Edmunds
                                  Nancy G. Edmunds
                                  United States District Judge

Dated: May 20, 2020

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 20, 2020, by electronic and/or ordinary mail.

                                  s/Lisa Bartlett
                                  Case Manager