UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID BIALO,

       Plaintiff,                                          No. 20-10671

v.                                                     Honorable Nancy G. Edmunds

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

**OPINION AND ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S AUGUST 23, 2021 REPORT AND RECOMMENDATION [33]**

## I.    Background

Plaintiff David Bialo filed this action seeking review of the Commissioner of Social Security's decision denying his application for disability insurance and supplemental security income. The Court referred the matter to Magistrate Judge Anthony P. Patti, who recommends affirming the Commissioner's decision. (ECF No. 33.) Plaintiff makes three objections to the report and recommendation. (ECF No. 34.) Defendant has filed a response to those objections. (ECF No. 35.) Having conducted a *de novo* review of the parts of the Magistrate Judge's report to which specific objections have been filed, the Court OVERRULES Plaintiff's objections and ACCEPTS and ADOPTS the report and recommendation. Accordingly, the Court DENIES Plaintiff's amended motion for summary judgment (ECF No. 28), STRIKES Defendant's motion for summary judgment (ECF No. 31), GRANTS Defendant's amended motion for summary judgment (ECF No. 32), and AFFIRMS the decision of the Commissioner pursuant to 42 U.S.C. § 405(g).

1

## II. Standard of Review

### A. *De Novo* Review of Objections

Under Federal Rule of Civil Procedure 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *See also* 28 U.S.C. § 636(b)(1).

### B. Substantial Evidence Standard

"This court must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (citing 42 U.S.C. § 405(g)). Substantial evidence is "'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *see Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports another conclusion, *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999). "The substantial evidence standard presupposes that there is a 'zone of choice' within which the [Commissioner] may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)).

### III. Analysis

Plaintiff makes three objections to the Magistrate Judge's report and recommendation. Plaintiff, however, repeats many of the same arguments he made before the Magistrate Judge. "This Court is not obligated to address objections made in this form because the objections fail to identify the *specific* errors in the magistrate judge's proposed recommendations, and such objections undermine the purpose of the Federal Magistrate's Act, which serves to reduce duplicative work and conserve judicial resources." *See Owens v. Comm'r of Soc. Sec.*, No. 1:12-CV-47, 2013 U.S. Dist. LEXIS 44411, at *8 (W.D. Mich. Mar. 28, 2013) (citations omitted). Nonetheless, the Court has reviewed the record and agrees with the Magistrate Judge.

Plaintiff first objects to the Magistrate Judge's conclusion that there was no error in the ALJ's findings of non-severity at step two of the sequential evaluation process. As the Magistrate Judge noted, because the ALJ found Plaintiff had several severe impairments, Plaintiff cleared step two of the analysis and "[t]he fact that some of [Plaintiff]'s impairments were not deemed to be severe at step two is therefore legally irrelevant." *See Anthony v. Astrue*, 266 F. App'x 451, 457 (6th Cir. 2008). And while Plaintiff argues the ALJ did not mention Plaintiff's other impairments, including his acute upper respiratory infections and gastrointestinal problems involving diarrhea, diverticulitis, and gastroesophageal reflux disease, at step two, the Court notes the ALJ included a detailed discussion of Plaintiff's respiratory and his gastrointestinal and abdominal problems in the context of the residual functional capacity ("RFC") assessment. (*See* ECF No. 21-8, PageID.462.) Thus, even *if* the ALJ erred in his step two analysis, any error is harmless.

3

Plaintiff's second and third objections relate to the ALJ's RFC finding. The ALJ's RFC assessment included exertional, postural, and environmental limitations due to Plaintiff's physical impairments as well as mental limitations due to his mental impairments. (*See* ECF No. 21-8, PageID.460.) Plaintiff avers, however, that the RFC should have included further work-preclusive limitations arising from both his physical and mental impairments. The Court agrees with the Magistrate Judge's finding, however, that the ALJ's decision is supported by substantial evidence. The ALJ also properly considered Dr. Sack's and Dr. Tripi's opinions and adequately explained why he gave those opinions little weight. Thus, the Court will affirm the Commissioner's decision as recommended by the Magistrate Judge.

## IV.  Conclusion

For the foregoing reasons, the Court OVERRULES Plaintiff's objections and ACCEPTS AND ADOPTS the Magistrate Judge's report and recommendation. The Court therefore DENIES Plaintiff's amended motion for summary judgment (ECF No. 28), STRIKES Defendant's motion for summary judgment (ECF No. 31), GRANTS Defendant's amended motion for summary judgment (ECF No. 32), and AFFIRMS the decision of the Commissioner of Social Security pursuant to § 405(g).

SO ORDERED.

> s/Nancy G. Edmunds
> Nancy G. Edmunds
> United States District Judge

Dated: September 24, 2021

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 24, 2021, by electronic and/or ordinary mail.

           s/Lisa Bartlett
           Case Manager